# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE LATOYA PROVENS,

    Debtor,

LATOYA PROVENS,

    Plaintiff,

v.

CONSUMER LEGAL GROUP, P.C.,

    Defendant.

Bankruptcy Case Number
24-80777-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Latoya Provens ("Provens"), makes the following allegations in her complaint against the Defendant, Consumer Legal Group, P.C. ("CLG").

## PARTIES

1. Provens is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on April 25, 2024.

2. CLG is a corporation organized and existing under the laws of the state of Illinois. At all times material to this complaint, CLG regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Provens did business with CLG within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Provens's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Provens and the Defendant. Consequently, this is a core proceeding, and this court has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with her Chapter 13 petition a list of creditors with their names and addresses. Contained in that list was CLG.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 13 bankruptcy filing to CLG via first class mail from the Bankruptcy Noticing Center on April 28, 2024. (See Exhibit 1 - BNC Certificate of Notice).

6. As a result of CLG being included in the list of creditors filed by the debtor with her petition and the Clerk's sending of notice of her Chapter 13 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Provens's bankruptcy case.

7. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Provens's bankruptcy case gave rise to the automatic stay which, among other things, prohibits CLG from attempting to collect from Provens any pre-petition obligation owed by Provens to CLG.

8. The Plaintiff asserts that despite having both notice and actual knowledge of Provens's bankruptcy case, CLG drafted a post-petition payment from Provens's bank account in an attempt to collect a prepetition debt owed by Provens to CLG in violation of 11 U.S.C. §362(a)(6).

9. Provens bring this action to recover the actual damages she has sustained as a result of the defendant's willful violation of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for that violation under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

## CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the Debtor's bankruptcy case, CLG drafted a post-petition payment from Provens's bank account. The Plaintiff asserts that the Defendant's actions constituted an attempt to collect a pre-petition obligation owed by Provens to CLG in violation of 11 U.S.C. §362(a)(6).

11. CLG drafted a payment from Provens's bank account on May 10, 2024 in the amount of $127.13. (See Exhibit 2 – CLG Bank Draft 5-10-24). As of the filing of the instant adversary proceeding, the funds have not been returned to the debtor. The Plaintiff asserts that the bank draft, and subsequent failure to return the post-petition drafted funds to the debtor, by CLG constituted an attempt to collect a prepetition debt owed by Provens to CLG in violation of 11 U.S.C. §362(a)(6).

12. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

13. Provens has sustained injury and damage as a result of the defendant's violation of the automatic stay. Under 11 U.S.C. §362(k)(1), Provens is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against CLG for its willful and intentional violation of the automatic stay. The post-petition collection activity, after electronically receiving notice of Provens' bankruptcy, indicates that CLG does not have proper policies and procedures to avoid violating the automatic stay.

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

**WHEREFORE**, Provens asks this Court to enter an order:

(A) Awarding Provens compensatory damages against CLG including the reasonable attorney's fees and costs incurred by Provens in the preparation and prosecution of this adversary proceeding;

(B) Awarding Provens punitive damages against CLG for its willful, intentional, and continuing violation of the automatic stay, such damages being intended to instill in CLG and other creditors due respect for this court and its orders and to deter them from taking similar action against Provens and similarly situated debtors in the future;

(C) Voiding the debt owed to CLG by Provens; and

(D) Granting Provens any additional or different relief this court deems appropriate.

Dated: 5/24/2024

Respectfully submitted,

/s/ *John C. Larsen*_____
John C. Larsen
Michael A. Wilkins
Counsel for the debtor/plaintiff,
Latoya Provens

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com