IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE LATOYA PROVENS            BANKRUPTCY CASE NO. 24-90777-CRJ-13

    Debtor,

LATOYA PROVENS,

    Plaintiff,

v.            ADVERSARY PROCEEDING NO. 24-80055-CRJ

CONSUMER LEGAL GROUP, P.C.,

    Defendant,

## ANSWER AND DEFENSES OF CONSUMER LEGAL GROUP, P.C.

COMES NOW Consumer Legal Group, P.C. ("Defendant"), the Defendant in the above-referenced Adversary Proceeding, and answers the Complaint filed herein as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which any relief can be granted.

### SECOND DEFENSE

Defendant did not receive notification of the filing of the Debtor's bankruptcy petition, and Defendant did not have actual knowledge that the Debtor had filed a bankruptcy petition, at the time of any debits from the Debtor's bank account. Debtor's petition erroneously identifies another company named "Consumer Legal Group" with an address of "4747 West Lincoln Mall Dr., Suite 410, Matteson, IL 60443," which is not the Defendant and has never been the Defendant's address. According to the filings with the Illinois Secretary of State, there was an Illinois corporation named "Consumer Legal Group, P.C," but that company was dissolved on July

9, 2021. Defendant is a New York corporation formed on May 18, 2022, with its principal place of business in New Jersey. Defendant has no affiliation, and has never had any affiliation, with the Illinois company identified in the Debtor's petition.

Because the Defendant did not have notice or actual knowledge of the filing of the Debtor's bankruptcy petition, Defendant did not commit any "willful violation" of the automatic stay pursuant to 11 U.S.C. § 362, and the Complaint should be dismissed. Defendant has further acted promptly to refund any money debited from the Debtor's account after the filing of the petition.

## THIRD DEFENSE

Answering the allegations of the Complaint, paragraph by paragraph, the Defendant would allege and show as follows:

### Parties

1. Admitted.

2. Denied. Defendant is a New York corporation with its principal place of business in New Jersey. Defendant admits that one of its clients was the Debtor, but denies that the Debtor has any claims against the Defendant.

### Jurisdiction.

3. Denied. Defendant admits that Debtor has filed an adversary proceeding in this court, but Debtor has no rights against Defendant, because Defendant did not act in willful violation of the automatic stay pursuant to 11 U.S.C. § 362.

### Background Facts

4. Denied. While Defendant admits that a listing of creditors was filed with the Court as part of the Debtor's petition, and that the listing of creditors identifies a company named "Consumer Legal Group," the address listed for that company was listed as "4747 West Lincoln

2

Mall Drive, Suite 410, Matteson, IL 60443." This is not the Defendant. This address is not, and has never been, Defendant's address, and Defendant never had any affiliation with the company with that address.

5. Denied. According to the notice filed by the Debtor, the clerk sent notice to "Consumer Legal Group" at "4747 West Lincoln Mall Drive, Suite 410, Matteson, IL 60443." This is not the Defendant. This address is not, and has never been, Defendant's address, and Defendant never had any affiliation with the company with that address.

6. Denied.

7. Denied as stated. Defendant denies that it acted in willful violation of the stay pursuant to 11 U.S.C. § 362.

8. Denied.

9. Denied.

## CLAIM – VIOLATIONS OF THE AUTOMATIC STAY

10. Denied. Defendant did not act in willful violation of the stay.

11. Denied. Defendant drafted a payment from the Debtor's bank account, but initiated a return of that payment to the Debtor after it was informally informed of the filing of the Debtor's petition.

12. Denied.

13. Denied.

14. Defendant denies the allegations of the Complaint in the final, un-numbered paragraph beginning with "WHEREFORE," and that the Debtor is entitled to the relief requested therein, including all sub-sections.

3

FOURTH DEFENSE

Defendant affirmatively pleads contributory negligence, estoppel, illegality, laches, unclean hands, and waiver. At the time the Debtor filed the Complaint, Debtor knew, or should have known, that Defendant did not receive notice of the filing of the bankruptcy petition because it was not correctly listed on Debtor's schedules. Debtor and/or counsel merely found a company with a similar name to that of the Defendant and listed that company and company's address on the Debtor's schedules without verifying the correct address of the Defendant.

FIFTH DEFENSE

Defendant affirmatively pleads insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction. Defendant was not properly served with process. Debtor attempted to serve Defendant by first class mail. While Bank. R. P. 7004(b) permits service by first class mail, under Rule 7004(b)(3), for such service to be effective on a domestic or foreign corporation, the summons and complaint must be mailed to "the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." The Certificate of Service filed by the Debtor indicates service by mail to three different entities named Consumer Legal Group, P.C., with three different addresses.

The first listing is "Consumer Legal Group, P.C., 4747 West Lincoln Mall Drive, Suite 410, Matteson, IL 60443," which is not the Defendant and not the Defendant's address. Further, this listing does not identify an officer, a managing, or a general agent, and, therefore, would be improper even if that was the correct entity.

The second listing is Consumer Legal Group, P.C., Registered Agent: Deadra Stokes, 15244 S. 94th Ave., Ste. 400, Orland Park, IL, 60462. This is not the Defendant, not the Defendant's address, and not the Defendant's registered agent. Further, according to the court

4

Case 24-80055-CRJ    Doc 11    Filed 08/23/24    Entered 08/23/24 16:20:11    Desc Main
Document    Page 4 of 7

record, subsequent mail from the clerk on July 11, 2024 to that address by was returned to the Court on July 30, 2024, as undeliverable. [Doc. No. 9].

The third listing is Consumer Legal Group, P.C., P.O. Box 5013, Millville, NJ 08332. The mail was not directed to any officer, managing, or general agent, or anyone authorized to receive process, but the mail was just generally directed to the corporation, which is insufficient to comply with service on a corporation under Fed. R. Civ. P. 7004(b). *See, e.g., in re Kirkland*, 2018 WL 10345332 (S.D. Ala. June 15, 2018). Therefore, Defendant was not properly served with process and is not subject to the personal jurisdiction.

Further, the deadline to serve Defendant with process pursuant to Bankr. R. P. 7004 and Fed. R. Civ. 4 has expired. Therefore, Defendant should be dismissed.

## SIXTH DEFENSE

Defendant acted in good faith and did not act in willful violation of the automatic stay with regard to drafting of any payments from Debtor's bank account. Defendant was not provided notice of the filing of the petition and did not have actual knowledge that the Debtor had filed a bankruptcy petition. Defendant informally received a copy of the Complaint in this adversary proceeding, but has not been served. Thereafter, Defendant acted promptly to initiate a return of funds debited from Debtor's bank account subsequent to the filing of the bankruptcy petition. Moreover, Defendant would state that the automatic drafting of the Debtor's account does not qualify as a willful violation of the automatic stay.

## SEVENTH DEFENSE

To the extent Debtor's claims are the result of its own actions or omissions, there can be no recovery.

5

Case 24-80055-CRJ    Doc 11    Filed 08/23/24    Entered 08/23/24 16:20:11    Desc Main
Document    Page 5 of 7

## EIGHTH DEFENSE

To the extent Debtor's alleged damages were proximately caused by the negligence or other conduct of the Debtor or others for which Defendant is not responsible, Debtor is not entitled to any recovery from Defendant.

## NINETH DEFENSE

To the extent Debtor failed to mitigate alleged damages, Debtor is not entitled to any recovery from Defendant.

## TENTH DEFENSE

To the extent applicable, any imposition of punitive damages against Defendant would violate the United States Constitution, including, but not limited to, Article I, Section 10 thereof, and the Fifth, Eighth and Fourteenth Amendments thereto, and the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

Defendant reserves the right to amend this answer and defenses based upon the discovery of additional information.

AND NOW, having fully answered the allegations of the Complaint filed against it herein, Defendant requests that the Court dismiss the Debtor's Complaint, with prejudice. Defendant further prays for the Court to award Defendant the costs and attorney's fees incurred with regard to this proceeding.

THIS, the 23rd day of August, 2024.

Respectfully submitted,

**/s/Kevin A. Rogers**
Counsel for the Defendant

OF COUNSEL:

**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Post Office Box 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
krogers@wellsmarble.com

## CERTIFICATE OF SERVICE

    I, Kevin A. Rogers, do hereby certify that I have this day filed the foregoing Answer with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

    THIS, the 23rd day of August, 2024.

                                                   */s/ Kevin A. Rogers*
                                                   Kevin A. Rogers